UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUANE P.,

                    Plaintiff,

            -against-

FRANK BISIGNANO,

                    Defendant.[1]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  6/18/25

19-CV-8926 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated April 21, 2025 (Dkt. 29), plaintiff Duane P. seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving an award of $32,995.75 in fees to his attorney, representing 25% of the past due benefits payable to him by the Social Security Administration (SSA), for the work that the attorney performed in this action. Plaintiff asks that the SSA be directed to issue a "net fee" of $29,598.60 to his attorney, to account for the $3,397.15 in attorney's fees already paid pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons that follow, I will grant the motion in the full amount requested – $32,995.75 – but I will not direct the SSA to issue a "net fee." Rather, upon receipt of the § 406(b) award, counsel must refund $3,397.15 to plaintiff, representing the EAJA fees previously awarded.

## Background

Plaintiff applied to the SSA for disability benefits on September 25, 2015, but the application was denied, and the agency decision became final on July 23, 2019. *See* Compl. (Dkt. 1) ¶¶ 1, 7-12. On September 12, 2019, plaintiff retained Christopher James Bowes, Esq., to file a civil action in this Court challenging the SSA's decision, and entered into a Retainer Agreement with attorney Bowes. *See* Bowes Decl. (Dkt. 30) Ex. A (Ret. Ag.). Under the Retainer

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for former Commissioner Andrew M. Saul as the defendant in this action.

Agreement, if plaintiff secured a remand from this Court (which he did), and if, on remand, plaintiff secured an award of past-due benefits (which he has), Bowes would be entitled to a fee equal to 25% of those past due benefits as compensation for his legal work in this Court. Ret. Ag. at 1. On July 27, 2020, the parties stipulated to remand the action for further administrative proceedings (Dkt. 21), and on July 28, 2020, the Court so-ordered that stipulation. (Dkt. 22.) On January 4, 2021, the Court awarded $3,397.15 in EAJA fees to plaintiff's attorney. (Dkt. 28.)

On remand, attorney Bowes continued to represent plaintiff at "several" hearings before an Administrative Law Judge (ALJ). Bowes Decl. ¶ 17. On November 23, 2023, the ALJ found that plaintiff was disabled as of January 1, 2017. *Id.* ¶ 17. On April 5, 2025, the SSA issued its Notice of Award (Bowes Decl. Ex. C) (Not. of Award) advising plaintiff that he was entitled to past-due benefits in the amount of $131,983, from which the sum of $32,995.75 (25%) was being withheld to cover a possible attorney's fee request. *See* Not. of Award at 4. Attorney Bowes received the Notice of Award on April 8, 2025. *Id.* ¶ 25. On April 21, 2025, plaintiff filed the instant fee motion, seeking an award of $32,995.75 pursuant to 42 U.S.C. § 406(b), but requesting that he be paid "a net fee of $29,598.60 (i.e., $32,995.75 - $3,397.15)[.]" Bowes Decl. ¶ 40.

The Commissioner does not object to plaintiff's motion, but asks that the Court consider the reasonableness of the requested award based on the full § 406(b) fees sought rather than any net fee awarded after offset. (Dkt. 33.)

## **Legal Standards**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to

subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely filed, *see Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019), and then reviews the request for reasonableness. *Id.* at 90-91. The "applicable limitations period for filing § 406(b) motions" is the fourteen-day period set out in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler*, 932 F.3d at 87-88. Thus, a § 406(b) fee motion must ordinarily be filed within fourteen days after the plaintiff receives the notice of award from the SSA. *Id*. at 87.

As to reasonableness, the Supreme Court has made it clear that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quoting *Vaupen v. Colvin*, 2017 WL 2304015, at *2 (S.D.N.Y. May 8, 2017)), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

## Application

Plaintiff's fee application was filed on April 21, 2025, thirteen days after attorney Bowes received the Notice of Award, and is therefore timely.

3

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested $32,995.75 fee represents 25% of plaintiff's award, as authorized by 42 U.S.C. § 406(b)(1)(A), and there is no suggestion in the record that the Agreement was the result of fraud or overreach. Thus, the only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Attorney Bowes spent 17.1 hours "evaluating [plaintiff's] case," "bringing this civil action," and "prepar[ing] a proposed settlement, which prompted the Commissioner to reconsider his litigation position." Bowes Decl. ¶ 21. Although counsel was never required to file a formal brief in this Court, his time records, *see id.* Ex. B, show that he spent approximately 7.3 hours (after the complaint was filed) reviewing the record and drafting a detailed settlement letter to the Commissioner's attorney. It was presumably that letter (together with the settlement discussions that followed) that "persuaded the Commissioner to remand [plaintiff's] case for additional proceedings." *Id.* ¶ 27.

The requested $32,995.75, when divided by the 17.1 hours expended on this action, implies a *de facto* hourly rate of $1,929.58. Although it would be difficult to justify such a rate in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply" under § 406(b). *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a § 406(b) fee award on "windfall" grounds, our Circuit requires that the court consider:

(i)    the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)   "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii)     "the satisfaction of the disabled claimant"; and

(iv)     "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-55.

Attorney Bowes is an experienced social security litigator who has represented claimants in over 1,000 civil actions in district court challenging the final determination of the Commissioner with respect to both disability and non-disability determinations. *See* Bowes Decl. ¶ 34. In this case, Bowes digested a 1263-page administrative record (Dkt. 13) and secured a stipulation remanding the matter to the SSA without the need for further motion practice. Consequently, the "ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, furnishes no basis for reducing the requested fee. Moreover, attorney Bowes continued to represent plaintiff on remand, where he obtained a substantial award of past-due benefits. Given the length of the professional relationship, as well as the outcome, the Court presumes, in the absence of any contrary evidence, that plaintiff was satisfied with the quality of his representation by attorney Bowes. Finally, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Id.* at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Here, attorney Bowes faced an uncertain outcome, but he persisted in his representation and ultimately won a favorable outcome for his client.

For these reasons, I conclude that the $32,995.75 now requested does not constitute a prohibited windfall to plaintiff's attorney.

However, as I have previously explained, *see*, *e.g.*, *Jecca v. Comm'r of Soc. Sec.*, 2023 WL 11271921 (S.D.N.Y. Dec. 26, 2023), *adopted*, 2024 WL 1406662 (S.D.N.Y. Apr. 2, 2024), the

"net award" requested here (in which the Court would deduct previously-paid EAJA fees from the amount to be awarded under § 406(b)) is "disfavored." *Jecca*, 2023 WL 11271921, at *3. Fees under § 406(b) "are paid by the litigant to the attorney from the past-due benefits awarded," *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988), whereas EAJA fees, "are paid by the government to the litigant to defray the cost of legal services," *id.*, and are paid from general funds rather than from monies set aside from the litigant's own award. *Id.* Consequently, where attorney fees are awarded under both EAJA and § 406(b), it has long been the rule that "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020) (quoting *Gisbrecht*, 535 U.S. at 796). Although it would be more convenient (from counsel's standpoint) to receive a "net" award under § 406(b), this approach is disfavored because it contradicts "controlling authority and well-established precedent" requiring the claimant's attorney – not the Commissioner – to refund to the claimant an EAJA fee award where fees are subsequently awarded under § 406(b). *Johnson v. Kijakazi*, 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (noting that netting "ignores the express statutory directive that, 'where the claimant's attorney receives fees for the same work under both [§ 406(b)] and [EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.'") (quoting Pub. L. No. 99-80, § 3, 99 Stat. 186). Consequently, I will approve the requested § 406(b) award in the full amount of $32,995.75 and require counsel to refund – to his client – the EAJA funds previously awarded to him.

## <u>Conclusion</u>

For the reasons set forth above, plaintiff's motion (Dkt. 29) is hereby GRANTED to the extent that plaintiff's attorney Christopher James Bowes, Esq., is awarded the sum of $32,995.75 as attorney's fees, to be paid out of plaintiff's past-due benefits, from the monies retained by the

Commissioner for that purpose. Attorney Bowes is directed, upon receipt of the § 406(b) award, to refund to plaintiff the EAJA fees previously awarded, in the amount of $3,397.15.

The Clerk of Court is respectfully directed to close the motion at Dkt. 29.

Dated: New York, New York       **SO ORDERED.**
       June 18, 2025

**BARBARA MOSES**
**United States Magistrate Judge**

7